# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The use of a Cell-Site Simulator to Locate the Cellular Device Assigned Call Number 682-812-0622, whose wireless provider is T-Mobile

)
)
)
)
)
)
)

Case No. 4:21-mj-190

FILED UNDER SEAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 25 2021
CLERK, U.S. DISTRICT COURT

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of New Jersey, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

The application is based on these facts:

See attached Affidavit of HSI Deportation Officer/Task Force Officer Eugenio Vela.

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Deportation Officer/Task Force Officer Eugenio Vela, HSI
*Printed name and title*

Sworn to me over the telephone or by other electronic means and signed by me pursuant to Fed.R.Crim.P. 4.1

Date: March 25, 2021

City and state: Fort Worth, Texas

_____
*Judge's signature*

Jeffrey L. Cureton, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER **(682) 812-0622** | No. 4:21-MJ-_____ <br> **[Filed Under Seal]** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, **Eugenio Vela**, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **682-812-0622,** (the "Target Cellular Device"), which is described in Attachment A.

2.  Your affiant is a Deportation/Task Force Officer with the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI") and has been so employed by ICE for approximately thirteen years. Your affiant is currently assigned to the Homeland Security Investigations Dallas Gang Unit. The Gang Unit includes federal, state, and local officers investigating illegal gang and narcotic activity in the Dallas/Fort Worth area.

**Affidavit in Support of Application for Search Warrant - Page 1 of 12**

Your affiant has participated in numerous investigations involving narcotics, street gangs, and violent crime. Your affiant has also participated in numerous investigations of alleged illegal narcotics trafficking and conspiracy and is thoroughly familiar with the investigative techniques used in these investigations, such as the use of undercover agents, the use of cooperating witnesses and confidential informants, the analysis of telephone pen register and trap and trace information, search and seizure warrants, grand jury investigations, and the interception of wire, electronic, and oral communications.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because the target of this investigation and subject of an arrest warrant by this court, **Alvaro Jovani RANGEL-Ramirez** was in contact with a Fort Worth Police Department (FWPD) Undercover Officer (UC) via Instagram. Furthermore, in March of 2021, the UC was contacted by **RANGEL** using the Target Cellular Device via FaceTime from number (682) 812-0622. **RANGEL** advised the UC that he was in Dallas, Texas and could meet the UC later in the evening. The Target Cellular Device number area code (682) is associated with the Northern District of Texas.

The Target Cellular Device's owner resides at 4612 Fawn Street, Fort Worth, Texas, is known to spend most of his time in this district, and has continued to use Instagram, up to the present time, to post items to social media from within this district. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that **RANGEL** has violated Title 21 United States Code 846, Conspiracy to Possess with Intent to Distribute a Controlled Substance and Title 18 United States Code 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime. **RANGEL** was charged with these crimes on March 10, 2021, pursuant to a federal complaint and is the subject of an arrest warrant issued by this Court on March 10, 2021, under case number 4:21-MJ-162. There is also probable cause to believe that **RANGEL** is aware of these charges and has fled, as a search warrant was executed at his residence on March 9, 2021, evidence of his offenses was seized, and a potential coconspirator was arrested. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting **RANGEL**, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

**Affidavit in Support of Application for Search Warrant - Page 3 of 12**

## PROBABLE CAUSE

8. In September 2020, Fort Worth Police Department (FWPD) officers were conducting surveillance on social media when officers came across a Snap Chat account with the name of "Trapbaby1017." The user from the account "Trapbaby1017" was posting several videos and pictures of different types of marijuana. The user of the same account posted several pictures of himself holding a firearm. In addition, the user posted a video of a red Dodge Hellcat and a black Chevrolet Corvette. A system record query identified the Chevrolet Corvette as registered to **Alvaro Jovani RANGEL-Ramirez**. Officers then found a picture of **RANGEL** in the police portal that matched the picture of the Hispanic male using the Snap Chat account "Trapbaby1017."

9. On October 1, 2020, officers again observed **RANGEL**, the user of the account "Trapbaby1017," post pictures of individual prices for different strains of marijuana. Officers then used an undercover Snap Chat account to ask RANGEL for a "zip of runtz" (street name for runtz is a type of marijuana and zip is a common street name of one (1) ounce), on a picture that he posted. **RANGEL** replied and requested to chat on live in order to confirm that the account was a real person. Afterwards **RANGEL** sent a screenshot of a Hobby Lobby Store, which had the address of 5020 Hulen Street, Fort Worth, Texas, circled for the meet location. An undercover officer agreed to meet up at the predetermined location. After officers arrived at the predetermined location, **RANGEL** sent a message through Snap Chat to the undercover account stating that he was almost there.

**Affidavit in Support of Application for Search Warrant - Page 4 of 12**

Soon after, officers saw **RANGEL** pull into the Hobby Lobby parking lot in the aforementioned black Chevrolet Corvette. **RANGEL** left the parking lot in the black Chevrolet Corvette and traveled to the address of 4612 Fawn Drive, Fort Worth, Texas 76132.

10. On October 5, 2020, officers were conducting surveillance at the residence located at 4612 Fawn Drive, Fort Worth, Texas, when they observed in the driveway the red in color Dodge Hellcat that was also seen in **RANGEL's** "Trapbaby1017" social media account. Officers observed a Hispanic female get in the driver seat and drive the red Dodge. Officers followed the red Dodge to the same Hobby Lobby parking lot that was set by "Trapbaby1017" previously. Officers observed the Hispanic female meet a black Chevrolet Corvette occupied by a Hispanic male. The Hispanic male handed her cash and she handed the male something small. The meet lasted approximately thirty (30) seconds, and in officers' training and experience, appeared to be a narcotics transaction. The Hispanic female then left the location in the red Dodge and was followed back to 4612 Fawn Drive.

11. Also, on October 5, 2020, at approximately 2030 hours, the red Dodge was seen pulling out of the driveway of 4612 Fawn Drive, Fort Worth, Texas. The vehicle was occupied by **RANGEL** in the driver seat and the Hispanic female in the front passenger seat. The red Dodge failed to use a turn signal at 5400 Westhaven Drive while turning onto 4600 South Drive. FWPD officers then conducted a traffic stop at the 4000 block of Belden Avenue, Fort Worth, Texas.

The driver of the red Dodge was identified as **Alvaro Jovani RANGEL-Ramirez**, DOB: 03/13/1997, and the passenger was identified as Verania Caroline Zuniga. During the traffic stop, officers could smell the odor of marijuana emitting from the red Dodge Hellcat. Officers asked **RANGEL** if there was anything illegal in the vehicle, and **RANGEL** stated he had a few grams of "weed" (street name for marijuana) along with a pistol. Officers conducted a probable cause search of the vehicle and recovered approximately 8.15 ounces of marijuana and an FN Herstal 5.7x28 caliber pistol, bearing serial number 386381207.

12.   Officers read **RANGEL** his Miranda Warnings, and he acknowledged he understood his rights and agreed to waive his rights to speak with officers. **RANGEL** stated that he had been selling marijuana for roughly 6 to 8 months and had been getting a pound of marijuana from an individual in Arlington, Texas. **RANGEL** stated he had about a quarter pound of marijuana and handguns at the house located at 4612 Fawn Drive, Fort Worth, Texas. On that same date, officers obtained and executed a state search warrant for the residence located at 4612 Fawn Drive, Fort Worth, Texas. During the search, officers located and seized numerous firearms throughout the house and a green leafy substance, which officers, through training and experience, knew to be marihuana. The marihuana had an approximate field weight of 28.85 ounces.

13. On that date, RANGEL was placed under arrest for state charges of Unlawful Carrying Weapon and Possession of Marijuana > 4 oz. <= 5 lbs. and transported to the Fort Worth City Jail without incident. RANGEL was later released on a bond on the state charges.

14. In the ensuing months following his October 5, 2020, arrest officers have continued to observe evidence on RANGEL's social media accounts of RANGEL engaging in the possession of controlled substances with intent to distribute and possessing firearms in furtherance of drug trafficking crimes. Officers were able to identify the Instagram account "RxMexico" as belonging to RANGEL based on pictures and videos posted on the account where RANGEL was the primary subject of the pictures and videos.

15. In December of 2020 and January, February, and March of 2021, RANGEL used the Instagram account "RxMexico" to post pictures and videos of what appeared to be marijuana, promethazine with codeine prescription bottles (a Schedule V controlled substance), him mixing blue/purple drank/lean (street name for promethazine with codeine syrup and soft drink), and THC vapor cartridges and edibles. These items where often posted with prices or other statements indicating that RANGEL was offering the controlled substances for sale. In addition, RANGEL used the "RxMexico" Instagram account to post large stacks of money, a money counter, and numerous firearms, including a Glock .45 caliber pistol and an FN Herstal, Model PS90, 5.7x28mm semi-

**Affidavit in Support of Application for Search Warrant - Page 7 of 12**

automatic carbine. Moreover, RANGEL regularly posted videos or photos of the firearms together with controlled substances or money.

16. For example, on March 2, 2021, **RANGEL** used the "RxMexico" Instagram account to post a video of an FN Herstal, Model PS90, 5.7x28mm semi-automatic carbine together with a prescription bottle of promethazine with codeine syrup and a bottle of yellow soda. On that same date, he posted videos of soda being mixed with promethazine with codeine syrup, including one with the label "400 hunnit soda," indicating that **RANGEL** was offering to sell the soda mixed with promethazine and codeine for $400.

17. On March 2, 2021, a federal search warrant was obtained for RANGEL's residence at 4612 Fawn Drive, Fort Worth, Texas, along with a search warrant for a 2015 BMW I8 sedan that was regularly seen at the residence and in RANGEL's Instagram posts. The residential search warrant was executed on March 9, 2021. During the execution of the search warrant at **RANGEL's** residence, agents discovered multiple controlled substances, multiple firearms, and other indicia of drug trafficking, all consistent with **RANGEL's** posts on social media.

18. On a bookshelf in plain view next to the bed where **RANGEL** slept, agents located two (2) prescription bottles containing promethazine with codeine syrup, along with one (1) blue soda bottle that appeared to contain soda mixed with promethazine with codeine syrup. One of the prescription bottles contained 81.45 grams of promethazine with codeine syrup, and the other prescription bottle contained 99.95 grams of promethazine with codeine syrup.

**Affidavit in Support of Application for Search Warrant - Page 8 of 12**

In a garbage bag in the garage, agents found 4.26 kilograms of a green leafy plant-like substance, which agents recognized through training and experience as marihuana. In addition, agents located other indicia of drug trafficking, including a digital scale and a digital money counter.

19. On a bookshelf in plain view next to the bed where **RANGEL** slept, agents located a Glock Model 30 Gen. 4, .45 caliber pistol, bearing serial number BAYA033. Inside a box next to the bed where **RANGEL** slept, officers found the following firearms: a Century Arms RAS47, 7.62x39mm AK-47 style pistol, bearing serial number RAS47111093; a Century Arms C39, 7.62x39mm AK-47 style pistol, bearing serial number 39WM001667; and an FN Herstal, Model PS90, 5.7x28mm semi-automatic carbine, bearing serial number FN114686. The FN Herstal, Model PS90 carbine is the same firearm, described above, that RANGEL posted along with promethazine with codeine syrup on his "RxMexico" account on March 2, 2021.

## MANNER OF EXECUTION

20. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

21. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

22. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent

further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

23.   Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

24.   I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and continue to flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

25.   I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

**Affidavit in Support of Application for Search Warrant - Page 11 of 12**

26. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Eugenio Vela
Deportation Officer/Task Force Officer
Homeland Security Investigations

Sworn to me, over the telephone or other electronic means, and signed by me pursuant to Fed.R.Crim.P. 4.1 on this 25th day of March, 2021 at 10:51 a.m. in Fort Worth, Texas.

JEFFREY L. CURETON
United States Magistrate Judge

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (682) 812-0622, whose wireless provider is T-Mobile, and whose listed subscriber is Verania Caroline Zuniga, **RANGEL's** girlfriend.

Attachment A

## ATTACHMENT B

Pursuant to an investigation of **Alvaro RANGEL-Ramirez** for a violation of Title 21 United States Code 846, Conspiracy to Possess with Intent to Distribute a Controlled Substance and Title 18 United States Code 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

Attachment B